UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| PLAYCORE WISCONSIN, INC. and PLAYCORE IP SUB, INC. | ) ) ) |
| Plaintiffs, | ) ) ) Civil Action No. |
| v. | ) ) |
| LANDSCAPE STRUCTURES, INC. and KIWANIS INTERNATIONAL, INC. | ) JURY DEMANDED ) ) |
| Defendants. | ) ) ) ) |

**COMPLAINT**

Plaintiffs, PlayCore Wisconsin, Inc. and PlayCore IP Sub, Inc., hereby file this Complaint and request that the Court immediately halt Defendants' willful, infringing use of unregistered service marks, BUILDING COMMUNITIES THROUGH PLAY and BUILD COMMUNITIES THROUGH PLAY, in connection with Defendants' marketing, advertising and offering in commerce a contest that awards the winner playground equipment that competes with Plaintiffs' products and services. Defendants' use is likely to cause confusion with the products and services offered by Plaintiffs under their registered service marks BUILDING COMMUNITIES THROUGH PLAY and PLAYCORE BUILDING COMMUNITIES THROUGH PLAY.

**A. THE PARTIES**

1. Plaintiff PlayCore Wisconsin, Inc. a Wisconsin corporation, having as its principal addresses 401 Chestnut Street, Suite 410 Chattanooga, Tennessee 37402, is a leading

manufacturer of playground and recreational equipment and provider of educational services in the fields of playground and recreation in the United States and abroad. PlayCore IP Sub, Inc., a Delaware corporation, is an intellectual property holding company that owns the marks at issue. For convenience, the Plaintiffs are hereinafter referred to collectively as "PlayCore".

2. Defendant Landscape Structures, Inc. ("LSI"), is a Minnesota corporation qualified to do business in Tennessee, with a principal address of 601 7th Street South Delano, Minnesota 55328-8605 and registered agent CT Corporation System, 800 South Gay St., Suite 2021 Knoxville, Tennessee 37929-9710. LSI is a manufacturer of playground and recreation equipment, and provider of educational services related thereto. LSI is a direct competitor to PlayCore.

3. Defendant Kiwanis International, Inc. ("Kiwanis") is an Indiana non-profit corporation, with a principal address of 3636 Woodview Trace, Indianapolis, Indiana 46268 and registered agent Stan Soderstrom 3636 Woodview Trace, Indianapolis, Indiana 46268. Kiwanis provides community services, including assistance to communities in the fields of planning, funding, design, construction and maintenance of recreation areas and playgrounds.

### B. JURISDICTION AND VENUE

4. LSI is registered to do business in Tennessee and, upon information and belief, LSI markets its products and services to customers in the Eastern District of Tennessee through its website, sales representatives, catalogs and through other means.

5. Upon information and belief, Kiwanis markets its services in the Eastern District of Tennessee through its website and its local affiliates.

6. Defendants have at least minimum contacts with the State of Tennessee and therefore this Court has personal jurisdiction over the Defendants. Furthermore, upon information and belief, Defendants are subject to the personal jurisdiction of this Court because they transact business in the State of Tennessee and/or have committed tortious acts in the State of Tennessee with injury resulting to PlayCore in this State.

7. Venue is proper in this Court as LSI and PlayCore reside in this judicial district, and PlayCore has suffered injury in this judicial district as a result of Defendants' wrongful actions.

8. The Court has jurisdiction under 15 U.S.C. §1121 and 28 U.S.C. §§ 1331, 1338(a) and 1338(b) over the Lanham Act infringement and unfair competition claims as they arise under federal law, and supplemental jurisdiction under 28 U.S.C. § 1367(a) over the state infringement and unfair and deceptive trade practices claims as they arise under common law and state statutes, namely, T.C.A. § 47-25-512, et seq. and T.C.A. § 47-18-104, et. seq., respectively.

**C. NATURE OF ACTION**

9. This action seeks a halt to Defendants' willful infringement upon PlayCore's intellectual property rights.

10. By way of background PlayCore, through its family of companies, is a leading manufacturer of playground and recreation equipment. PlayCore sells its products in both the commercial and consumer markets, through company and independent sales representatives, direct sales, catalogs, and its numerous websites. PlayCore's products consist of complete playground systems, inclusive play systems, natural play systems, free standing playground and

recreation products, fitness equipment, surfacing for play and recreation areas and all types of play and recreation area accessories. PlayCore also offers design services and a wide variety of education programs and resource materials, some in partnership with other entities, relating to the design, construction, and installation of play environments, inclusive play, and children's fitness, development and learning. PlayCore exhibits its products and services at trade shows across the country.

11. In 2010, PlayCore undertook a major rebranding of its products and services, adopting the marks BUILDING COMMUNITIES THROUGH PLAY and PLAYCORE BUILDING COMMUNITIES THROUGH PLAY. PlayCore obtained federal Registration Nos. 3,995,292 and 4,226,297 for its marks ("the Marks"). Copies of PlayCore's registrations are attached hereto as <u>Exhibit 1</u>.

12. PlayCore has made extensive use of the Marks on its products and in its advertising for its products and services.

13. PlayCore has expended considerable effort and expense in developing and maintaining its rights under the Marks.

14. PlayCore has established valuable rights in the Marks, including lawful ownership and continuing exclusive use of the Marks in association with its products and services.

15. By virtue of the extensive use of the Marks by PlayCore and the considerable effort and expense incurred by PlayCore in connection therewith, the public has come to identify PlayCore as a distinctive source of playground and recreational products and provider of educational services associated with the Marks.

22882_00/1002/ABO-1604184_3

16.  PlayCore has sold products to Kiwanis and, from time to time, works with Kiwanis on various projects and programs, including educational programs.  Kiwanis offered PlayCore the opportunity to become a paid sponsor of Kiwanis but PlayCore declined.  PlayCore is scheduled to exhibit playground and recreation products at a Kiwanis event in Vancouver, British Columbia on June 27 through June 30, 2013 (the "Kiwanis Event").

17.  Upon information and belief, LSI is a paid Sponsor of Kiwanis. The Kiwanis website describes the relationship as follows:  "The Kiwanis family partners with Landscape Structures to bring play and playgrounds to communities, especially on its signature day of service: Kiwanis One Day."  See attached Exhibit 2.

18.  LSI is a competitor of PlayCore that manufactures and sells commercial playground and recreation equipment throughout the United States.  LSI's products include complete playground systems, inclusive playgrounds systems, natural play systems, free standing playground and recreation products, fitness equipment, recreation areas equipment, surfacing and accessories.  LSI also offers educational resources.

18.  LSI markets its products and services through the same channels of trade, attends many of the same trade shows, and competes for many of the same customers as PlayCore.

19.  Upon information and belief, on April 7, 2013, Defendants began advertising a contest (the "Contest") on their websites, Facebook pages, and in other media under the name BUILD COMMUNITIES THROUGH PLAY.  Upon information and belief, the Defendants advertised the Contest in the Kiwanis magazine under the name BUILDING COMMUNITIES

THROUGH PLAY.  Hereinafter, the two uses are referred to collectively, for convenience, as the "Offending Mark").

20. According to the Official Rules, the Contest will be conducted in three phases. During Phase One, open from April 7 through May 5, 2013, eligible entrants (defined as the Kiwanis "family of clubs") must "Like" the Kiwanis page on Facebook, and answer a short series of questions regarding the entrant's community's playground needs.  Phase Two, open from May 6 through June 15, 2013, will involve public voting and the ultimate selection of 10 qualifying entries to advance to Phase Three.  In Phase Three, a panel of judges will convene and select a winner between June 16-19, 2013.  The winner of the Contest will receive $25,000.00 in playground equipment supplied by LSI, to be awarded on April 1, 2014. Advertisements and Official Rules for the Contest are attached hereto as Exhibit 3.

21. Upon information and belief, LSI and Kiwanis will advertise the Contest and announce the winner at the Kiwanis Event using the Offending Mark, and will continue to advertise the Contest using the Offending Mark at least until the winner is awarded the LSI equipment in June, 2014, and possibly beyond.

22. Defendants' use of the Offending Mark is clearly for a commercial purpose—to promote the goods and services it offers in competition with PlayCore in the marketplace. Defendants' use of the Offending Mark in the manner described above is likely to cause mistake, to cause confusion in the minds of the public as to the source or origin of the products and services offered by PlayCore and Defendants, to cause confusion as to the relationship, affiliation or sponsorship of PlayCore and Defendants, and to deceive, all to PlayCore's damage.

23. Unless enjoined, Defendants will continue to willfully cause confusion with the Marks by their use of the Offending Marks, which will irreparably harm PlayCore and cause it to suffer significant damage to its goodwill and reputation for which monetary damages will not give complete relief.

## COUNT I.

### Federal Trademark Infringement Under the Lanham Act §32

24. PlayCore repeats and realleges the allegations contained in Paragraphs 1 through 23 as though fully set forth herein.

25. Defendants' aforesaid use of the Offending Mark infringes PlayCore's rights in its federally registered Marks and, therefore, is in violation of Section 32 of the Lanham Act, 15 U.S.C. §1114.

26. PlayCore has requested that Defendants cease and desist from their acts of trademark infringement and has given Defendants actual notice of PlayCore's registrations, but Defendants have refused to cease such acts.

27. By reason of the foregoing acts of Defendants, PlayCore has sustained, and unless Defendants are enjoined pursuant to the Lanham Act §34, 15 U.S.C. §1116, will continue to sustain substantial injury and damage. Upon information and belief, Defendants have already or will unlawfully and wrongfully derive income and profits and have been or will be unjustly enriched as a result of the foregoing acts. Unless enjoined, the foregoing acts of Defendants will cause PlayCore continuing irreparable harm. PlayCore has no adequate remedy at law.

22882_00/1002/ABO-1604184_3

## COUNT II.

**False Designation of Origin and Unfair Competition Under the Lanham Act §43(a)**

28. PlayCore repeats and realleges the allegations contained in Paragraphs 1- 27 as though set forth fully herein.

29. The foregoing acts of Defendants constitute false designation of origin as to services made available by Defendants and unfair competition in violation of §43(a) of the Lanham Act, 15 U.S.C. §1125(a).

30. By reason of the foregoing acts of Defendants, PlayCore has sustained, and unless Defendants are enjoined pursuant to the Lanham Act §34, 15 U.S.C. §1116, will continue to sustain, substantial injury and damage. Defendants have already or will unlawfully and wrongfully derive income and profits and have been or will be unjustly enriched as a result of the ongoing acts. Unless enjoined, the foregoing acts of Defendants will cause PlayCore continuing irreparable harm. PlayCore has no adequate remedy at law.

## COUNT III.

**Infringement and Damage to Business Reputation under Common Law and/or Tennessee Trademark Act of 2000, TCA §47-25-501, et seq.**

31. PlayCore repeats and realleges the allegations contained in Paragraphs 1-30 as though set forth fully herein.

32. The foregoing acts of Defendants constitute trademark infringement and damage to business reputation in violation of TCA §47-25-501, et. seq., and the common law of Tennessee.

33. By reason of the foregoing acts of Defendants, PlayCore has sustained, and unless the Defendants are enjoined pursuant to TCA §47-25-513 and/or -514, will continue to

sustain, substantial injury and damage. Unless enjoined, the foregoing acts of Defendants will cause PlayCore continuing irreparable harm. PlayCore has no adequate remedy at law.

34. Because Defendants have violated TCA §47-25-512 and/or -513 by the foregoing acts, PlayCore is entitled to damages, including enhanced damages, and attorney fees, pursuant to TCA §47-25-514.

## COUNT III.

### Unfair and Deceptive Trade Practices Under TCA § 47-18-101, et seq.

35. PlayCore repeats and realleges the allegations contained in Paragraphs 1-34 as though set forth fully herein.

36. The foregoing acts of Defendants constitute unfair and deceptive trade practices forbidden by Tennessee Code Annotated §47-18-101, et seq. (the Tennessee Consumer Protection Act, hereinafter, "TCPA") in at least the following ways:

(a) Causing likelihood of confusion or misunderstanding as to the source, sponsorship, approval or certification of goods and services;

(b) Causing likelihood of confusion or misunderstanding as to affiliation, connection, or association with, or certification by, PlayCore, and

(c) Engaging in other acts or practices that are deceptive to the consumer or to any other persons.

37. By reason of the foregoing acts of Defendants, PlayCore has sustained, and unless Defendants are enjoined pursuant to TCA §47-18-109(b), will continue to sustain, substantial injury and damage. Unless enjoined, the foregoing acts of Defendants will cause PlayCore continuing irreparable harm. PlayCore has no adequate remedy at law.

38. Because Defendants have violated TCA §47-18-104 by engaging in unfair or deceptive trade practices, PlayCore is entitled to recover its damages, including up to treble damages for willful or knowing violation of the TCPA, and reasonable attorneys' fees and costs pursuant to TCA §47-18-109.

**PRAYER FOR RELIEF**

**WHEREFORE,** PlayCore prays for the following relief:

1. That process issue and Defendants be served with a copy of this Complaint, and that Defendants be required to file an Answer within the time prescribed by law;

2. That the Defendants, their officers, directors, agents, employees, attorneys, successors and assigns, and all others in active concert or in participation with any of them, be preliminarily and permanently enjoined from either directly or indirectly:

   (a) Imitating, copying, or making unauthorized use of the Marks, including use of the Offending Mark, or any confusingly similar variation thereof, in connection with playground or recreation products, educational services, or related advertising therefore, including contests and sweepstakes;

   (b) Competing unfairly with PlayCore by conducting business in an attempt to trade on the goodwill and business reputation of PlayCore or misappropriating PlayCore's exclusive rights in the Marks or any other trademarks of PlayCore;

   (c) Using any false designation of origin or false description or performing any act that can, or is likely to, lead members of the public to believe that any service or product of the Defendants is in any manner associated with or connected with PlayCore, or has the same source as any of PlayCore's services or products; and

22882_00/1002/ABO-1604184_3

(d) Engaging in any unfair and deceptive trade practice detrimental to PlayCore.

3. That the Court issue a mandatory injunction requiring Defendants, their officers, directors, agents, employees, attorneys, successors and assigns, and all others in active concert or in participation with any of them, to give a written notice through channels of commerce in which Defendants have advertised infringing products and services, that they shall forthwith stop offering for sale or selling services and/or products that infringe PlayCore's intellectual property rights, and that PlayCore is the sole and rightful owner of intellectual property rights in the Marks.

4. That the Defendants be required to file with this Court and serve on Plaintiff within 30 days of service of the injunction on them (or such other time as directed by the Court) a report in writing under oath setting forth in detail the manner and form in which the Defendants have complied with the injunction as to Defendants and as to their officers, directors, agents, employees, attorneys, successors and assigns, and all others in active concert or in participation with any of them.

5. That the Court order the Defendants to account for all profits received by the Defendants, their officers, directors, agents, employees, attorneys, successors and assigns, and all others in active concert or in participation with any of them, as a result of Defendants' trademark infringement, unfair competition, and/or unfair or deceptive trade practices in connection with Defendants' use of the Offending Mark.

6. That the Court award PlayCore its damages, up to three times PlayCore's actual damages and/or Defendants' profits, pre-judgment interest and reasonable costs and attorney's fees;

7. That the Court order the Defendants to deliver up to the Court for impoundment and destruction all copies of documents and tangible things that contain and/or reflect infringing use of the Offending Mark;

8. That the Court order Defendants to run remedial advertising approved by the Court which, at a minimum, apologizes for the conduct and conveys that the Contest is not affiliated with PlayCore; and

9. That the Court grant such other and further relief that the Court deems just and proper.

**JURY DEMAND**

PlayCore demands a jury to try all issues when joined.

CHAMBLISS, BAHNER & STOPHEL, P.C.

By: /s/ John G. Jackson
    Alicia Brown Oliver Tenn. BPR No. 018164
    John G. Jackson, Tenn. BPR No. 013840
605 Chestnut Street, Suite 1700
Chattanooga, Tennessee 37450
Telephone: (423) 756-3000
Fax No.: (423) 265-9574
E-mail: JJackson@cbslawfirm.com
       aoliver@cbslawfirm.com

*Attorneys for Plaintiffs*